IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Seward, | ) | C/A No.: 3:12-3103-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dr. James Riddle; Michael Barker; and | ) | |
| Ken Howard, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Keith Seward ("Plaintiff"), proceeding *pro se*, submitted documents the court construes as an action filed under 28 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff paid the filing fee and initially filed several pages, which the court construed as a complaint. [Entry #1]. One of the pages states "[a]t my scheduled appointment on July 31, 2012 Dr. James Riddle asked about the status of my case. I told him my suit had been 'dismissed.' Then he admitted the drug he prescribed may have been Norvasc which is a high blood pressure medication instead of Navane." [Entry #1 at 4]. Plaintiff subsequently filed a letter stating that "Dr. James Riddle was forced into

early retirement because of my case against him. Why, then cannot I be financially compensated for my pain and suffering." [Entry #5].

The complaint in this case is related to Plaintiff's prior case involving allegations against Dr. Riddle and John H. Magill, Director of the South Carolina Department of Mental Health. *See Seward v. Riddle*, C/A No. 3:11-911-CMC (D.S.C. filed April 18, 2011) ("Riddle I"). Riddle I was closed on June 2, 2011, and dismissed without prejudice prior to service based on failure to state a claim on which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). *Id.* Plaintiff's appeal of Riddle I was dismissed by the Fourth Circuit on November 17, 2011. *Id.*

Following his initial filing in this case, Plaintiff submitted two complaints on the court-approved complaint form against two new defendants, Chairman Michael Barker of the Academy Awards and President Ken Howard of the Screen Actor's Guild. [Entry #6, #9]. Plaintiff requested that the two complaints be filed as amended complaints in the instant case. [Entry #6-1, #9-1]. The first complaint was filed as an amended complaint, adding two new defendants. [Entry #6]; *see* Fed. R. Civ. P. 15(a) (party may amend pleadings once without court approval). The second complaint was filed as a motion to amend, which was denied because Plaintiff failed to state a discernable claim in it. [Entry #9]. The amended complaint and two added defendants have no apparent connection to the original filing against Dr. Riddle.

Plaintiff also submitted several letters he received from various national and international organizations, apparently in response to his correspondence. The letters

2

were included with other documents and are filed as attached documents to the amended complaint [Entry #6-2 (letters from the Governor of Maryland, Mercury Radio Arts, the White House, and the Department of Social Affairs and Labor)], as well as supporting documents [Entry #9-3 (letters from The Christian Broadcasting Network, the Israeli Prime Minister's Bureau, the Vatican, and the United Nations)] and additional attachments [Entry #13 (letter regarding issues with his psychiatric provider, article regarding Blue Sky's busted plug sculpture, and letter from The Christian Broadcasting Network), #16 (letter regarding medical care for Plaintiff's father and notes regarding witchcraft and voodoo), #17 (correspondence regarding medical care for Plaintiff's father), #18] to the motion to amend (correspondence regarding denial of insurance coverage). These attached documents have no relevance to Plaintiff's claims in this case.

II.     Discussion

   A.     Standard of Review

Complaints filed by litigants proceeding *pro se* are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

3

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

B.    Analysis

Plaintiff's pleadings are subject to summary dismissal because the court lacks jurisdiction over the subject matter of the litigation. There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985)

("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). Pursuant to Fed. R. Civ. P. 8(a)(1), a complaint must provide "a short and plain statement of the grounds for the court's jurisdiction[.]" Where the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citing *2 Moore's Federal Practice* § 8.03 [3] (3d ed. 1997)).

Federal court jurisdiction can arise through federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. However, the allegations contained in Plaintiff's pleadings do not fall within the scope of either form of this court's limited jurisdiction. The facts alleged in the pleadings and attachments filed by Plaintiff, even liberally construed, do not support a finding of jurisdiction.

First, the factual allegations contained in the pleadings are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the pleadings. The documents originally construed as a complaint are similar to Plaintiff's complaint in Riddle I alleging personal injury due to Dr. Riddle's possible negligence or medical malpractice. Because allegations of negligence and medical malpractice are claims based on state tort law, they do not establish a claim for violation of a federal right. *See Daniels v. Williams*, 474 U.S. 327, 330–32 (1986) (Fourteenth Amendment does not apply to breach of duty of care). Claims

based on state law may be considered in conjunction with a substantially-related federal question claim that establishes federal jurisdiction. *See* 28 U.S.C. § 1367(a). Plaintiff's allegations, however, are insufficient to establish federal question jurisdiction to which state claims could join. Plaintiff's amended complaint also fails to establish federal question jurisdiction. The amended complaint is completely unrelated to the original pleading documents and alleges that defendants Barker and Howard propagated gay-rights and abortion through "evil programming." [Entry #6 at 3]. Plaintiff's allegations in the amended complaint are his personal opinions rather than legal claims against the named defendants. [Entry #6]. Federal question jurisdiction is not established in the pleadings and cannot be inferred from Plaintiff's allegations.

Second, Plaintiff's allegations do not establish diversity of citizenship under 28 U.S.C. § 1332. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn. 13–16 (1978). Plaintiff and Defendant Riddle are both citizens of South Carolina, which defeats diversity. In the absence of either diversity or federal question jurisdiction over Plaintiff's claims, the undersigned recommends that this case be summarily dismissed for lack of jurisdiction.

6

III.     Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 7, 2013                                   Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).